<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELBERT THOMAS MARTIN, | : | Civil No. 08-3004 (FSH) |
| Plaintiff, | : |  |
| v. | : | **OPINION** |
| JOHN DOE #1, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES**:

    ELBERT THOMAS MARTIN, #T-28520, <u>pro se</u>
    California Correctional Institution
    P.O. Box 107
    Tehachapi, California 93581

**HOCHBERG**, District Judge

    Plaintiff, a prisoner who is confined at the California Correctional Institution at Tehachapi, filed the above entitled Complaint against several defendants in the United States District Court for the Eastern District of California. By Order entered December 18, 2007, United States Magistrate Judge William M. Wunderlich granted Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. By Order entered June 12, 2008, Judge Wunderlich transferred Plaintiff's claims against defendants Parke-Davis, Anthony Wild, and Jane/John Does #6 through 15, to this Court, and transferred the remaining claims to the United States District Courts for the Central District of California and the Northern District of California. As required by 28 U.S.C. § 1915(e)(2), this Court has reviewed the claims against the

New Jersey defendants for sua sponte dismissal and will dismiss these claims, without prejudice to the filing of an amended complaint.

## I.  BACKGROUND

As previously stated, Judge Wunderlich transferred to this Court only the claims asserted in the Complaint against defendants residing in New Jersey.  Paragraphs one through 37 of Plaintiff's statement of facts detail the allegedly inadequate medical care and conditions of confinement experienced by Plaintiff while he was incarcerated at various correctional institutions in the State of California.  Paragraph 38, the only paragraph relating to the New Jersey defendants, provides:

> It should also be noted that all symptoms mentioned throughout the above claim are contributed to the liability of the company, the defendants - Parke-Davis, the defendant, Anthony Wild, CEO, and John, and/or Jane Doe #6 through #15 for the plaintiff sustaining the rare adverse effects of the drug, "Neurontin" and "Gabapentin" effects of: endocrine system - swollen testicle, respiratory system - bronchospasm, urogenital system - testicle pain, and special senses - lesions, taste loss, and unusual taste.

(Compl. ¶ 38.)  For relief, Plaintiff seeks damages and injunctive relief directing certain California defendants to allow Plaintiff to receive medical care at the Veterans Administration.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court must sua sponte dismiss any claim if

2

the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

### III.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III."  In re TMI Litigation Cases Consol. II, 940 F.2d 832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)).  Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing diversity or federal question jurisdiction must be alleged in the complaint. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially circumstanced, amounting to a small proportion of the cases which an unlimited jurisdiction would embrace. And the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction, until the contrary appears. This renders it necessary, inasmuch as the proceedings of no court can be deemed valid, further than its jurisdiction appears, or can be presumed, to set forth upon the record of a circuit court, the facts or circumstances which give jurisdiction, either expressly, or in such manner as to render them certain by legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799). Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

(1) Diversity Jurisdiction

The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332. Congress has given district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a)(1). Although Plaintiff seeks damages exceeding the sum of $75,000, Plaintiff's allegations against Parke-Davis, its CEO and employees do not state a

cognizable claim against those defendants. Plaintiff states merely that he experienced side effects from taking the prescription medication Neurontin, the brand name for gabapentin. Plaintiff's allegations do not indicate the nature of a controversy or the basis for liability. Cf. Port Authority of New York and New Jersey v. Arcadian Corp., 189 F. 3d 305, 313 (3d Cir. 1999) (New Jersey Product Liability Act, N.J. Stat. Ann. § 2A:58C-1 et seq. is the sole basis of relief under New Jersey law available to consumers injured by a defective product); Perez v. Wyeth Laboratories Inc., 161 N.J. 1, 10, 24 (1999) ("In New Jersey, as elsewhere, we accept the proposition that a pharmaceutical manufacturer generally discharges its duty to warn the ultimate user of prescription drugs by supplying physicians with information about the drug's dangerous propensities," and duty to warn physicians about prescription drug dangers is presumptively met by compliance with FDA approved labeling). The Complaint, as written, does not state a claim for relief against Parke-Davis, CEO Anthony Wild, or any of the Jane/John Does over which this Court has diversity jurisdiction.[1]

    (2)  Federal Question

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.[2]

---

[1] This Court makes no ruling as to satisfaction of the other requirements for the exercise of diversity jurisdiction.

[2] Section 1983 provides in relevant part:

In this case, Plaintiff seeks damages against a private corporation and private persons. This Court does not have federal question jurisdiction over the claims against the New Jersey defendants because Plaintiff does not assert violation of a constitutional or federal right by those defendants, and Plaintiff's allegations do not show that those defendants were acting under color of state or federal law.  As there is no basis for the Court to exercise jurisdiction over claims against the New Jersey defendants, the Court is constrained to dismiss the claims pending before this Court.  However, because Plaintiff's allegations do not foreclose the possibility that he may be able to state a claim against one or more of the named New Jersey defendants, the dismissal is without prejudice to the filing of an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, this Court dismisses the claims asserted against the New Jersey defendants, without prejudice to the filing of an amended complaint.

                S/ Faith S. Hochberg
                **FAITH S. HOCHBERG, U.S.D.J.**

Dated:  September 3, 2008

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).